IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50358
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL GARDEA-ORTIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(P-00-CR-267-ALL-F)
--------------------
February 28, 2002

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Samuel Gardea-Ortiz argues that the district court erred by denying his motion to suppress because the facts presented at the suppression hearing show that the border patrol agents did not have a reasonable suspicion that he was involved in criminal activity. In the context of the denial of a motion to suppress, we review the district court's factual findings for clear error and the ultimate conclusion, that the facts supported a reasonable suspicion sufficient to justify an

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigatory stop, <u>de</u> <u>novo</u>.  <u>United States v. Inocencio</u>, 40 F.3d 716, 721 (5th Cir. 1994).

A roving border patrol agent may stop a vehicle if the agent's observations lead him reasonably to suspect that the occupants of a particular vehicle may be involved in criminal activity.  <u>See</u> <u>United States v. Brignoni-Ponce</u>, 422 U.S. 873, 881 (1975).  The factors to be taken into account in determining whether "reasonable suspicion" exists, include: the characteristics of the area; its proximity to the border; the usual patterns of traffic on a particular road and previous experience with alien traffic; information about recent illegal border crossings; the driver's behavior; and the vehicle's appearance, including the type vehicle, appearance of being heavily loaded, number of passengers, or passengers' behavior.  <u>Brignoni-Ponce</u>, 422 U.S. at 884-885.

The facts articulated by the border patrol agents show a vehicle not normally in the area, which appeared to be riding low, with tinted windows that prevented the agents from seeing how many passengers were in the vehicle, and which was was traveling a geographically dangerous stretch of road paralleling the international border where illegal crossings occur daily.  These facts are specific and were articulated in clear terms.  The district court did not err in concluding that all of the specific facts considered together supported the stop.  <u>See</u> <u>United States v. Aldaco</u>, 168 F.3d 148, 150 (5th Cir. 1999).

AFFIRMED.